# ARROW ELECTRIC COMPANY *v.* NORTHEAST ELECTRIC COMPANY.

### TRADEMARKS; OPPOSITION; SIMILARITY.

1. A trademark consisting of a circle in which is a representation of that portion of the globe embraced within the western hemisphere, upon which are inscribed the letters "N" and "E," with an arrow extending between them pointing in a northeasterly direction, is so similar to a trademark consisting of an arrow extending in a parallel direction through the letter "E" as to come within the inhibition of the Trademark Act, when both marks are used upon goods of the same descriptive properties.

2. In a trademark opposition, the use by the opposer of an arrow as a trademark for electrical goods would not prohibit its use by another party on goods of the same descriptive properties, if so associated with distinguishing features as to forbid confusion in trade; but where the distinguishing features are so similar as to create confusion, the opposition will be sustained.

No. 1179.   Patent Appeals.   Submitted November 13, 1918.   Decided December 2, 1918.

HEARING on an appeal from a decision of the Commissioner of Patents dismissing an opposition to the registration of a trademark.                    *Reversed.*

The COURT in the opinion stated the facts as follows:

This is a trademark opposition, in which appellant, the Arrow Electric Company, opposes the registration by appellee, Northeast Electric Company, of a trademark which, stripped of the portions disclaimed, consists of a circle in which is a representation of that portion of the globe embraced within the western hemisphere, upon which are inscribed the letters "N" and "E," with an arrow extending between them pointing in a northeasterly direction.

The mark is alleged to have been used since October, 1909, upon "complete electric lighting and starting apparatus for motor vehicles, and component parts thereof, including dynamo-electric machines, switches, relays, regulators, lights, power-transmission mechanism, and repair parts." From an order dismissing the opposition and granting registration of appellee's mark, this appeal was taken.

*Mr. T. Walter Fowler* and *Mr. Hubert Howson* for the appellant.

*Mr. C. Schuyler Davis* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Opposer alleges prior use upon electric specialties, including electric switches, of a trademark consisting of an arrow alone and also of an arrow extending in a parallel direction through the letter "E." The latter mark may alone be considered. Priority of use is conceded, as indeed it must be, to opposer; and it is unnecessary to consider the question of similarity of the goods upon which the respective marks are used. They are goods of the same descriptive properties. Hence, the sole question is whether the marks are so similar as to be likely to create confusion in trade.

It is conceded that opposer was the first to use the arrow alone as a trademark for electrical goods. This fact, however, would not prohibit its use by appellee, if so associated with distinguishing features as to forbid the probability of confusion. The mark of each of the parties consists of an arrow associated with certain distinguishing features. Are the distinguishing features in the marks so dissimilar as to escape the prohibition of the statute? We think not. It appears that the opposer used the arrow in association with the letter "E," sometimes with and sometimes without a circle, and that its goods were known as the "Arrow E" goods. The mere fact that appellant is the originator of the arrow as a trademark

for electrical goods does not prevent it from becoming the essential and dominating feature of marks in which it is used, associated with distinguishing features. The dominating feature of the marks before us is the arrow, and the distinguishing feature in each mark is the letter "E" so prominently associated that opposer's goods are known as the "Arrow E" goods. Appellee company has added to appellant's mark only the letter "N" and the dim outline of a map as a background, which, in effect, constitute the only distinguishing features between the two marks, except possibly the relative position of the arrow in the respective marks. On the whole case, we think the marks are sufficiently similar to come within the inhibition of the statute.

The decision of the Commissioner of Patents is reversed, and the clerk is directed to certify these proceedings as by law required.　　　　　　　　　　　　　　　　　*Reversed.*